[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
According to the record before us, defendant-appellant Nathaniel Livingston was charged with criminal trespassing under the number 00CRB-40542(A), resisting arrest under the number 00CRB-40542(B), and disturbing a lawful meeting under the number 00CRB-40542(C). Following a jury trial, Livingston was found guilty of criminal trespassing and disturbing a lawful meeting, but not guilty of resisting arrest. Livingston was then sentenced to two consecutive 30-day terms.
Livingston has filed two timely notices of appeal from his convictions for criminal trespassing and disturbing a lawful meeting. In his assignments of error, Livingston not only challenges his convictions for criminal trespassing and disturbing a lawful meeting, but also attempts to challenge a separate conviction for prohibited use of Fountain Square. Having reviewed the record, we note that we have not received a notice of appeal from the case numbered 00CRB-40542(D), which presumably relates to his conviction of prohibited use of Fountain Square. Absent such a notice of appeal, we are without jurisdiction to address Livingston's conviction for prohibited use of Fountain Square.[1]
Accordingly, we limit our review to Livingston's convictions for criminal trespassing and disturbing a lawful meeting.
In his first assignment of error, Livingston maintains that hisFirst Amendment rights and his corresponding state constitutional rights were violated by his arrest and conviction for criminal trespassing and disturbing a lawful meeting. Livingston argues that this was so because, at the time of his arrest, he was engaged in a lawful public protest.
At the outset, we note that that Livingston was not convicted for advancing his political views, but rather because he had disrupted a ceremony being held on Fountain Square. It is clear from the record that Livingston was not prevented from engaging in free speech nor was he arrested for engaging in his protest. Rather, Livingston was arrested for attempting to privately speak with Cincinnati's mayor about perceived inequities concerning how he was being treated while the mayor was on stage speaking to an audience. In our view, the convictions for criminal trespassing and disturbing a lawful meeting did not impinge upon Livingston's constitutional rights.
Even if we were to assume that Livingston's actions were somehow protected under the First Amendment to the United States Constitution, the government may invoke reasonable time, place, and manner restrictions on speech in public forums if those restrictions are content-neutral, are narrowly tailored to serve significant governmental interests, and leave open ample alternative means of communication.[2] Clearly, Fountain Square was a public forum. But, the use of a stage on the square solely by the mayor and other invited dignitaries to "kick off" a public festival during the lunch hour was not an unreasonable restriction. Moreover, Livingston was not prevented from continuing his protest on the street adjacent to the stage. Accordingly, the first assignment of error is overruled.
In his second assignment, Livingston maintains that his convictions for criminal trespassing and disturbing a lawful meeting were against the manifest weight of the evidence. On review for manifest weight, a reviewing court must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether the jury clearly lost its way in resolving conflicts in the evidence and created a manifest miscarriage of justice.[3] A new trial should be granted only in exceptional cases where the evidence weighs heavily against the conviction.[4] When reviewing the weight of the evidence, we are guided by the principle that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[5] As a result, the factfinder, not this court, primarily assesses a witness's credibility at trial.
In this case, the jury obviously found the witnesses for the prosecution have been more credible than Livingston. Even sitting as a thirteenth juror, we cannot say that the jury lost its way or committed a manifest miscarriage of justice in finding him guilty of criminal trespassing and disturbing a lawful meeting. Livingston's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Sundermann, JJ.
[1] See App.R. 4.
[2] See Clark v. Community for Creative Non-Violence (1984),468 U.S. 288, 293, 104 S.Ct. 3065; United States v. Grace (1983),461 U.S. 171, 177, 103 S.Ct. 1702; Perry Educ. Assn. v. Perry LocalEducators' Assn. (1983), 460 U.S. 37, 45, 103 S.Ct. 948.
[3] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541, citing State v. Martin, 20 Ohio App.3d 172, 175,485 N.E.2d 717.
[4] See State v Thompkins, supra, at 387.
[5] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.